UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SURF MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:25-cv-00920 (UNA) |
| v. ) | |
| ) | |
| DEPARTMENT OF JUSTICE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and his application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons discussed below, dismisses this matter without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, a resident of Jackson, Mississippi, sues the Department of Justice and President Trump, seeking injunctive relief and $100 million in damages. *See* Compl. at 1–2, 22. The complaint is rambling and difficult to follow. Plaintiff alleges that defendants have conspired to subject him to "involuntary servitude" through "racketeering and wire fraud" and "ongoing surveillance," "forcing him to work," and stopping him from "playing football for UCLA," "playing [the] stock market," "playing golf," and from "being a wealthy man." *See* Compl. at 3–

7, 11, 16–18.  He contends that this "scheme" has been executed against him since he was in elementary school, and that he and President Trump later met while gambling at the "Trump Plaza."  *See id.* at 14, 16, 18.  The remainder of the complaint consists of laundry lists various federal laws combined with other incoherent statements.  *See id*. at 1, 3–15, 19–21.

As here, the court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant complaint satisfies this standard.  In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the complaint, ECF No. 1, and this case, are dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:   April 21, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge